NO. 07-02-0268-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 16, 2002
_____

JOE RUDY MARRUGO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 13430-A; HON. DAVID L. GLEASON, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Upon a plea of not guilty, a jury convicted appellant Joe Rudy Marrugo of aggravated sexual assault. The court assessed punishment at 45 years in prison. Appellant timely noticed his appeal, and counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[2] brief, wherein he certifies that, after diligently searching the record, he has

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

[2]*See Anders v. California*, 386 U.S. 738, 744- 45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated November 6, 2002, this court notified appellant of his right to file his own brief or response by December 2, 2002, if he wished to do so. The latter date has passed without the filing of either a motion for extension or a response.

In compliance with the principles enunciated in *Anders*, appellate counsel advanced one arguable issue founded upon whether the trial court erred in excluding testimony from the victim's mother regarding the victim's behavior after the alleged abuse. However, appellate counsel then went on to state that after consideration of the facts and argument by counsel, the appeal is without merit. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Upon doing so, we agree that counsel is correct and that no reversible error appears of record. Appellant was properly indicted. The State submitted evidence legally and factually sufficient to support appellant's guilt. The jury was properly charged. Furthermore, the punishment fell within the range allowed by statute. Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Justice

Do not publish.